McFarland, J.,
-delivered the opinion of the court.
The prisoner -appeals from the judgment upon a conviction for horse stealing. The indictment is in the ordinary form for stealing a horse, the property of Alfred Thomas. The proof in substance shows that the prisoner hired William Thomas, a son of 'the prosecutor, who had charge of his father’s business ait his farm, to carry him to Remb'ertown, a distance of three and one-half or four miles, to- ge-t his clothes; that said William Thomas allowed the prisoner to ride the horse, and went with him to the place indicated, and on their return, it being dark, the prisoner suddenly “galloped” off ¿nd escaped with the horse, and after-wards attempted to dispose of him to his own use, the evidence being sufficient to- show the felonious purpose.
It is argued that these facts would not constitute larceny at the common law, because -there was no trespass in the taking, and that secs. 4678 and 4679 of the Code apply to. larceny, but not to horse stealing. Sec. 4678 is: “A fraudulent. appropriation of property by any person to whose charge -or care it is delivered, subject to- the immediate orders of the owner, or to the use of it in his presence, -or for the purpose of his trade, is larceny.” The next section is: “If a contract of loan for use, or of letting and hiring or other bailment or agency, be used merely as the means of procuring the possession of property with an intent to make a fraudulent -appropriation at the time, it is larceny.”
The argument, is that larceny and horse stealing, under our statute, are separate and distinct felonies, with different punishments annexed; that the above sections, both by *472 their express terms and by their positions in the Code, apply to oases of larceny prqper, and declare such a state of facts to constitute larceny, but they do not apply to' the higher offense of horse stealing, and make that horse stealing which was not so before; and that at any rate the state could not, under these sections, have a conviction for a higher crime than simple larceny, whereas, this conviction was for horse stealing with a higher punishment than is allowed for simple larceny.
This argument is very ingenious, but we think the sounder view is to hold that horse stealing is larceny, but under out statutes a higher degree of punishment is affixed than for stealing other property, and that-the above sections apply as well to this as other cases -of larceny. This question was before us recently, and we so held, in reference especially to the last of the above sections, in the case of John Coldwell v. The State, see MS. [Since reported in 3 Bax., 429]. The reasons apply equally to the other section. We also held the same views in reference to pronouncing the judgment of infamy in cases of horse stealing, but we held the general provision for- a judgment of infamy in cases of larceny to apply. [See also State v. Knight, 3 Bax., 418.]
The prisoner, upon the trial, introduced evidence of his good character.' Upon this the judge said to the jury: “Good character, in doubtful cases, the defendant is entitled to the benefit of it.” This is subject to criticism. The defendant is always entitled to the benefit of his good character, and the jury may look to this with the other evidence to see if there is a reasonable doubt of his guilt; but if, notwithstanding his good character, the case be made out beyond a reasonable doubt, then of course the good character cannot avail him; but it is incorrect -to say that the case must be a doubtful one before the jury can look to proof of good character, although expressions of this sort are found in the books, for if the case be doubt *473 ful, this amounts to an acquittal of itself. But when the whole charge is looked to', it is not probable’that the jury understood it to mean what is contended for, and upon the entire record we think the jury could not have been 'misled by 'this instruction, there being no conflict as to the facts.
- There are other questions made, hut we think there is no substantial error in the record, and the judgment must be affirmed. 1